UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LORETTA M. MORRIS-HUBBARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: |
| v. | ) | |
| | ) | Missouri Circuit Court for St. Louis City |
| KENT TURNBULL and | ) | Missouri Cause No. 2122-CC01058 |
| LOGAN AGRI SERVICE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 et seq., Defendant Logan Agri Service, Inc. files its Notice of Removal of this lawsuit originally filed in the Missouri Circuit Court for St. Louis City, and in support of this Notice states:

1. This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 et seq.

2. Plaintiff's Petition asserts claims for negligence and vicarious liability arising out of a motor vehicle accident and is a controversy between citizens of different states. (Exhibit A, Plaintiff's Petition). The motor vehicle accident occurred on April 29, 2019 in the City of St. Louis, Missouri. (Exhibit A).

3. "Diversity jurisdiction requires complete diversity of citizenship, meaning 'no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351 at *2 (E.D. Mo. Nov. 17, 2014). "To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship." *Id.*

4. Plaintiff's Petition does not assert her citizenship, but does assert that she is a resident of St. Louis County, Missouri. (Exhibit A, ¶1).

5. It is Defendant's information and belief that Plaintiff is a citizen of Missouri.

6. Citizenship of an individual person is established by the person's physical residence and the intent to remain in that state. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) (physical presence plus intent to remain establishes citizenship). *See also, Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (an individual is a citizen of the state in which she is domiciled and domicile is determined by residency plus the intent to remain).

7. When determining whether a person has an intent to remain in a state, Courts will look to the "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017) (quoting *Bruton v. Shank*, 349 F.2d 630, 631 n.2 (8th Cir 1965)); *see also Techno-TM, LLC v. Fireaway, Inc.*, 928 F.Supp.2d 694, 697 (S.D.N.Y. 2013) (location of the person's residence, real and personal property, payment of taxes, voting registration, and location of spouse and children among others considered in determining intent to remain).

8. Plaintiff is a registered voter in St. Louis County, Missouri and first registered as a voter in St. Louis County on June 7, 2001. (Exhibit B, Voter Registration Records). Plaintiff registered her address as 10457 Lord Drive, St. Louis, Missouri from June 7, 2004 through May 25, 2010 and 7928 Alert Drive, St. Louis, Missouri 63133 from May 25, 2010 to the present (Exhibit B).

9. Plaintiff has paid personal property taxes in Missouri since at least 2018. (Exhibit C, St. Louis County Personal Property Tax Receipts). In addition, Plaintiff has designated 7928

Alert Dr., St. Louis, Missouri 63133 as her Taxing Address for property tax assessment purposes since at least 2018. (Exhibit C).

10. The records demonstrate Plaintiff is registered to vote in Missouri, having first registered to vote in Missouri on June 7, 2001, and has paid taxes in Missouri since at least 2018. The records further demonstrate that Plaintiff has lived in St. Louis County, Missouri continuously since at least June 7, 2004. These facts demonstrate Plaintiff currently resides in Missouri and has an intent to remain in Missouri indefinitely. *Altimore*, 420 F.3d at 768. Thus, Plaintiff is domiciled in Missouri and is, therefore, a citizen of Missouri. *Id*.

11. Plaintiff correctly pleads that Defendant Kent Turnbull currently resides in Pittsfield, Illinois. (Exhibit A, ¶2); *see also* (Exhibit D, Declaration of Kent Turnbull). Furthermore, Defendant Kent Turnbull intends to remain in Illinois indefinitely. (Exhibit D). He is therefore a citizen of Illinois.

12. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's highest-level officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

13. Defendant Logan Agri Service, Inc. is incorporated in the State of Illinois and has its principal place of business located in Illinois. (Exhibit E, Affidavit of Josh Schaver). Defendant is therefore a citizen of Illinois. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. at 92-93 (corporation is citizen of state of incorporation and where its principal place of business is).

14. Plaintiff is a citizen of a state that is completely diverse from the defendants and no defendant is a citizen of the forum state. Therefore, this action between citizens of different states and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. *See also*, *Lincoln Property*

*Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action based on diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

15.     Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

16.     Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves by the preponderance of the evidence, that the amount in controversy exceeds $75,000." *Pleasant v. Noble Finance Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014). "To meet its burden, the defendant must present some specific facts or evidence to prove that the amount in controversy exceeds the jurisdictional amount." *Harris v. TransAmerica Life Ins. Co.*, 2014 WL 1316245 at *1 (E.D. Mo. Apr. 2, 2014 (internal quotations removed).

17.     Plaintiff's petition contains a prayer for damages in excess of $25,000. (Exhibit A). However, the amount in controversy exceeds $75,000 because Plaintiff has made a pre-suit settlement demand for $145,000.00 (Exhibit F, January 12, 2021 Demand Letter). Furthermore, Plaintiff's Petition, she alleges that she suffered "permanent injuries in the following respects to wit: Plaintiff has suffered injuries to her knees, legs, left hand, chest, right side, back, and neck, along with PTSD, anxiety and other mental and emotional injuries, all said injuries being permanent, progressive and painful; Plaintiff has suffered, does suffer and in the future will continue to suffer such pain of body and anguish of the mind; Plaintiff's injuries are serious, permanent, disabling, and painful; and the function, use and movement of the aforementioned parts and organs of Plaintiff's body are and in the future will be impaired and diminished." (Exhibit A,

¶¶14, 23). Plaintiff also alleges that she "has endured, continues to endure and will in the future endure pain and suffering and loss of enjoyment of life." (Exhibit A, ¶¶15, 24).

18. This civil action is between completely diverse citizens (citizens of the States of Missouri and Illinois). Further, the amount in controversy exceeds $75,000. This case has not been pending for more than a year, and, as such, the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

19. Defendant Logan Agri Service, Inc. was served with a summons and Plaintiff's Petition on March 9, 2022. Defendant Kent Turnbull was served with a summons and copy of Plaintiff's Petition on March 3, 2022. The undersigned counsel represents both Defendants. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days after service.

20. Both Defendants, through undersigned counsel, have consented to the removal of this case to Federal Court.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rule 3-2.07 because this action was originally filed in St. Louis City, Missouri, which is included in this Court's judicial area.

22. A true and correct copy of all process, papers, exhibits, pleadings, and orders filed with the state court in this action is attached hereto as Exhibit G.

23. Attached as Exhibit H is the Eastern District Court of Missouri Cover Sheet.

24. Attached as Exhibit I is the Original Filing Form.

WHEREFORE, Defendant Logan Agri Service, Inc. prays that the above-caption matter be removed from the Missouri Circuit Court of St. Louis City, Missouri to the United States District Court, Eastern District of Missouri, Eastern Division.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC


By: */s/ Tom A. Kammerer*
Joshua S. Davis, #58571
Zachary T. Faires, #64841
Tom A. Kammerer, #62989
100 N. Broadway, 21st Floor
St. Louis, MO 63102
P: (314) 345-5000
Fax: (314) 345-5055
jdavis@bscr-law.com
zfaires@bscr-law.com
tkammerer@bscr-law.com
***Attorneys for Defendants Kent Turnbull and Logan Agri Service, Inc.***

## CERTIFICATE OF SERVICE

I certify on the 4th day of April, 2022, the foregoing was filed electronically using the Court's CM/ECF system, and served electronically to the following counsel of record:

Rusty K. Reinoehl
Scott D. Kehlenbrink
REINOEHL KEHLENBRINK, LLC
P.O Box 698
302 E. Walnut Street
Robinson, IL 62454
P: (618) 469-1000
Fax: (618) 469-1015
rusty@rklegalgroup.com
scott@rklegalgroup.com
***Attorneys for Plaintiffs***

The undersigned hereby verifies that an original of this filing was executed by counsel and that the same shall be maintained for a period of not less than the maximum allowable time to complete the appellate process.

*/s/ Tom A. Kammerer*

4864-1701-1992, v. 1