CIRCUIT COURT OF ST. LOUIS CITY, STATE OF MISSOURI

| | |
|---|---|
| LORETTA M. MORRIS-HUBBARD<br><br>    Plaintiff,<br><br>vs.<br><br>KENT TURNBULL<br>Serve at: 20577 US Hwy. 54<br>         Pittsfield, IL 62363<br><br>LOGAN AGRI SERVICE, INC.<br>Serve at: 600 West Main<br>         Jefferson City, MO 65101<br><br>    Defendants. | Cause No.<br><br>**JURY TRIAL DEMANDED** |

## **PETITION**

COMES NOW, Plaintiff Loretta M. Morris-Hubbard, by and through counsel, Rusty K. Reinoehl and Scott D. Kehlenbrink of Reinoehl Kehlenbrink, LLC and for her cause of action against Defendants Kent Turnbull and Logan Agri Service, Inc., states to the Court as follows:

### **JURISDICTION, VENUE AND FACTS COMMON TO ALL COUNTS**

1. Plaintiff is a resident of St. Louis County, Missouri.

2. Defendant Kent Turnbull is and was at all times relevant herein a resident of Pittsfield, Pike County, Illinois.

3. Defendant Logan Agri Service, Inc is an Illinois corporation which is duly registered to to conduct business in the State of Missouri and which conducts business in the City of St. Louis, Missouri.

4. The events giving rise to this action occurred in the State of Missouri, City of St. Louis.

5. Venue is proper in St. Louis City, State of Missouri pursuant to §508.010

R.S.Mo.

6. On April 29, 2019, Plaintiff was the driver of a motor vehicle which was traveling eastbound on Interstate 70 in the City of St. Louis, Missouri.

7. On the same date and time, Defendant, Kent Turnbull was the driver of a commercial truck owned and operated by Defendant, Logan Agri Service, Inc., also traveling eastbound on Interstate 70 in the City of St. Louis, Missouri.

8. Defendant Turnbull, while merging into Plaintiff's lane of travel, caused his vehicle to collide with the passenger side rear of Plaintiff's vehicle, causing Plaintiff to lose control of her vehicle and causing her vehicle to collide with the barricade separating the eastbound and westbound lanes of travel.

9. The impact between the two vehicles caused damage to property and person.

10. At all time relevant herein, Defendant Kent Turnbull was an employee and/or agent of Defendant Logan Agri Service, Inc. and was acting within the course and scope of his employment.

## COUNT I – NEGLIGENCE
## LORETTA M. MORRIS-HUBBARD v. KENT TURNBULL

11. Plaintiff restates and reincorporates the allegations contained in Paragraphs 1-10 above as if fully set forth herein.

12. At the time of the collision and at all times relevant herein, Defendant owed Plaintiff the highest degree of care in operating a motor vehicle.

13. Defendant breached his duty of care to Plaintiff and was thereby negligent in one or more of the following ways:

    a. Failed to keep a careful lookout when operating his vehicle; and/or

    b. Failed to yield the right of way; and/or

Electronically Filed - City of St. Louis - June 04, 2021 - 09:22 AM

    c.    Failed to bring his vehicle to a stop in order to avoid a collision; and/or

    d.    Failed to operate his vehicle in a safe and prudent manner; and/or

    e.    Failed to avoid the collision; and/or

    f.    Failed to maintain control of his vehicle and obey all applicable rules of the road; and/or

    g.    Failed to swerve, stop, slacken speed, sound his horn or take other measures to avoid the collision; and/or

    h.    Operated his vehicle too fast for the conditions.

14. As a direct and proximate result of Defendant Turnbull's negligence, Plaintiff was caused to suffer and did suffer from permanent injuries in the following respects to wit: Plaintiff has suffered injuries to her knees, legs, left hand, chest, right side, back, and neck, along with PTSD, anxiety and other mental and emotional injuries, all said injuries being permanent, progressive and painful; Plaintiff has suffered, does suffer and in the future will continue to suffer such pain of body and anguish of the mind; Plaintiff's injuries are serious, permanent, disabling, and painful; and the function, use and movement of the aforementioned parts and organs of Plaintiff's body are and in the future will be impaired and diminished.

15. In addition to her injuries, Plaintiff has endured, continues to endure and will in the future endure pain and suffering and loss of enjoyment of life.

16. As a direct and proximate result of the negligence and carelessness of Defendant Turnbull, Plaintiff has incurred and will continue to incur medical bills and other compensable economic and non-economic damages, in excess of Twenty-Five Thousand Dollars ($25,000.00) for her care and attention and will likely incur additional medical expense and damages in the future.

WHEREFORE, Plaintiff, Lorreta M. Morris-Hubbard respectfully requests that this Court grant judgment in her favor and against Defendant, Kent Turnbull, award her an amount which will fairly and justly compensate her for her injuries suffered herein in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), award her pre-judgment and post-judgment interest, award her her costs incurred herein, and grant her such further and additional relief as may be deemed just and proper.

### COUNT II – VICARIOUS LIABILITY
### LORRETTA M. MORRIS-HUBBARD v. LOGAN AGRI SERVICE, INC.

17. Plaintiff restates and reincorporates the allegations contained in Paragraphs 1-16 above, as if fully set forth herein.

18. At the time of the collision and at all times relevant herein, Defendant Kent Turnbull was an employee and/or agent of Defendant Logan Agri Service, Inc ("Logan") and was acting within the course and scope of his employment.

19. The vehicle being driven by Defendant Turnbull at the time of the collision was a commercial vehicle which was owned and operated by Defendant Logan.

20. At the time of the collision and at all relevant times herein, Defendant Logan had the right to control the actions of its employee, Defendant Turnbull, and is therefore liable by *respondeat superior* for the actions of Defendant Turnbull, including, but not limited to, his negligence.

21. While operating the vehicle owned by Defendant Logan in the course and scope of his employment, Defendant Turnbull owed Plaintiff the highest degree of care.

22. At the time of the collision, Defendant Turnbull, while in the course and scope of his employment with Defendant Logan breached his duty of care to Plaintiff and was thereby negligent in one or more of the following ways:

Electronically Filed - City of St. Louis - June 04, 2021 - 09:22 AM

      a.      Failed to keep a careful lookout when operating his vehicle; and/or

      b.      Failed to yield the right of way; and/or

      c.      Failed to bring his vehicle to a stop in order to avoid a collision; and/or

      d.      Failed to operate his vehicle in a safe and prudent manner; and/or

      e.      Failed to avoid the collision; and/or

      f.      Failed to maintain control of his vehicle and obey all applicable rules of the road; and/or

      g.      Failed to swerve, stop, slacken speed, sound his horn or take other measures to avoid the collision; and/or

      h.      Operated his vehicle too fast for the conditions.

23.    As a direct and proximate result of the negligence and carelessness of Defendant Logan's employee, Plaintiff was caused to suffer and did suffer from permanent injuries in the following respects to wit: Plaintiff has suffered injuries to her knees, legs, left hand, chest, right side, back, and neck, along with PTSD, anxiety and other mental and emotional injuries, all said injuries being permanent, progressive and painful; Plaintiff has suffered, does suffer and in the future will continue to suffer such pain of body and anguish of the mind; Plaintiff's injuries are serious, permanent, disabling, and painful; and the function, use and movement of the aforementioned parts and organs of Plaintiff's body are and in the future will be impaired and diminished.

24.    In addition to her injuries, Plaintiff has endured, continues to endure and will in the future endure pain and suffering and loss of enjoyment of life.

25.    As a direct and proximate result of the negligence and carelessness of Defendant Logan's employee, Plaintiff has incurred and will continue to incur medical bills and other

compensable economic and non-economic damages, in excess of Twenty Five Thousand Dollars ($25,000.00) for his care and attention and will likely incur additional medical expense and damages in the future.

WHEREFORE, Plaintiff, Loretta M. Morris-Hubbard respectfully requests that this Court grant judgment in her favor and against Defendant, Logan Agri Service, Inc., award her an amount which will fairly and justly compensate her for her injuries suffered herein in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), award her pre-judgment and post-judgment interest, award her her costs incurred herein, and grant her such further and additional relief as may be deemed just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        REINOEHL KEHLENBRINK, LLC

        By: /s/ Rusty K. Reinoehl
        Rusty K. Reinoehl, #59588
        Scott D. Kehlenbrink, #60891
        P.O. Box 698
        302 E. Walnut St.
        Robinson, IL 62454
        P: (618) 469-1000
        F: (618) 469-1015
        rusty@rklegalgroup.com
        scott@rklegalgroup.com
        Attorneys for Plaintiff