UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LORETTA M. MORRIS-HUBBARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-00393-NAB |
| KENT TURNBULL, et al. | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. 15.) Defendants Logan Agri Service, Inc. and Kent Turnbull failed to respond to the motion, and the time to do so has passed. This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). (Doc. 14.)

Plaintiff filed this action against Defendants in the Circuit Court of the Twenty-Second Judicial Circuit in the City of St. Louis, alleging negligence and vicarious liability arising from a motor vehicle accident. (Doc. 3.) Defendant Logan Agri Service, Inc. removed this action from state court, alleging the Court has original jurisdiction based on 28 U.S.C. § 1332(a). Plaintiff filed the present motion to remand, arguing that the amount in controversy fails to meet the standard for federal subject matter jurisdiction. In support of the motion, Plaintiff attached an affidavit agreeing that "the amount of damages claimed in this lawsuit at the time of filing my Petition did not, and do not now, exceed $74,999.99, exclusive of interests and costs." (Doc. 15-1.)

For the Court to have original jurisdiction in this matter, the amount in controversy must exceed $75,000 and there must be diversity of citizenship among the parties. 28 U.S.C. § 1332(a).

1

The district court has previously held that "[a]llowing a plaintiff to unequivocally establish his or her damages as no greater than $75,000 through use of an affidavit (or other binding declaration) is entirely consistent with the congressional purpose underlying the amount in controversy requirement" to keep the diversity caseload of the federal courts under some modicum of control. *Walsh v. J.B. Hunt Transport, Inc.*, 20 F.Supp.2d 1300, 1301 (E.D. Mo. 1998) (citing *Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195, 209 (3d Cir. 1995)). Plaintiff has established via affidavit that her damages claimed and sought are less than $75,000. Therefore, the Court finds that Defendants cannot meet their burden to show that the amount in controversy exceeds $75,000 and thus there is no diversity jurisdiction. Because diversity jurisdiction is lacking and no other basis appears on the face of the Petition upon which this Court's subject matter jurisdiction may be invoked, remand of this matter to the State court is appropriate. 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. (Doc. 15.)

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri pursuant to 28 U.S.C. § 1447(c).

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of March, 2022.